COMPAÑÍA AZUCARERA "EL EJEMPLO", recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

Núm. 1033.—*Sometido:* Noviembre 25, 1938. *Resuelto:* Enero 26, 1939.

*González Fagundo & González Jr.,* abogados de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Con fecha 1º. de agosto de 1934 se otorgó un contrato de siembra y molienda de cañas y refacción por un término que expiraría con la zafra de 1936. De conformidad con los términos de este contrato, la zafra se definía como de enero a junio de cada año. Una de sus cláusulas disponía que el contrato podía ser prorrogado año tras año por mutuo acuerdo mediante acta notarial. En julio 30, 1936, julio 14, 1937 y abril 26, 1938, se otorgaron actas notariales. La primera de estas actas se suponía prorrogar el término del contrato original hasta el 30 de junio, 1937, la segunda hasta el 30 de junio 1938, y la tercera hasta el 30 de junio, 1939.

El registrador de la propiedad se negó a anotar la tercera de estas actas en el registro de la propiedad debido a que, según los términos del contrato original, el colono recibiría 7½ libras de azúcar por cada quintal de caña entregado a la central y se le haría una deducción de 35¢ por cada quintal de azúcar para gastos de transporte desde la factoría a Nueva York.

La primera contención de la recurrente es que el registrador cometió error al no tomar en consideración el artículo 19 de la ''Ley regulando la contratación y compraventa de caña de azúcar así como el procedimiento que habrá de seguirse por las factorías azucareras (centrales) de Puerto Rico para determinar el azúcar cristalizable por ciento de la caña entregada por los colonos para su molienda;

para crear una junta azucarera, fijar sus atribuciones y obligaciones, y para otros fines," aprobada el 13 de mayo, 1937 (leyes de ese año, ley núm. 112, pág. 271).

Las secciones 15, 17 y 19 de la ley de 1937, leen así:

"Sección 15.—Todo contrato o práctica, hecho o implantado, en contravención de las disposiciones del presente estatuto será nulo e inexistente."

"Sección 17.—No será inscribible en el Registro de Contratos Agrícolas creado por la Ley Núm. 10 de 1925, según ha sido enmendada, ningún contrato hecho en contravención de cualquiera de las disposiciones de la presente ley."

"Sección 19.—Esta Ley no será aplicable a contratos celebrados con anterioridad a la aprobación de la misma."

La ley empezó a regir noventa días después de su aprobación. Asumiremos, al igual que se hace en el alegato de la recurrente, que en lo que al primer señalamiento se refiere, la nota del registrador debe ser confirmada, a menos que el caso caiga dentro de la excepción establecida por el artículo 19.

El contrato original fué, desde luego, un contrato celebrado con anterioridad a la aprobación de la ley de 1937. En su consecuencia, cae claramente dentro de la excepción establecida por el artículo 19. Para los fines de esta opinión puede admitirse que el acta notarial de julio 14, 1937—así como la de julio 30 de 1936—cae dentro de la misma excepción, toda vez que el acta de julio de 1937 fué otorgada antes de empezar a regir la ley, aunque no "con anterioridad a la aprobación de la misma." Puede admitirse que si el contrato original hubiera contenido cualquiera opción al efecto de que se prorrogaría o renovaría el mismo de año en año, el acta notarial de abril 26, 1938, también hubiera caído dentro de la excepción. El contrato original no contenía tal opción. La estipulación relativa a una prórroga por mutuo acuerdo otorgada en acta notarial, no impuso obligación a ninguna de las partes fuera del requisito de que cualquier acuerdo posterior a que pudiera llegarse debía hacerse cons-

tar en un acta notarial. Ni al empezar a regir la ley de 1937 ni al momento de su aprobación existía contrato alguno sobre la molienda de la cosecha de 1939. En ninguna de dichas fechas estaba ninguna de las partes que intervinieron en el contrato original en la obligación de celebrar un acuerdo mutuo por medio de un acta notarial, o en alguna otra forma, en relación con la prórroga del mismo. Ninguna de las partes tenía derecho a exigir de la otra semejante prórroga o la celebración de semejante acuerdo mutuo. El hecho, de serlo, de que al empezar a regir la ley—aunque no con anterioridad a la fecha de su aprobación—existía un contrato sobre molienda de la cosecha de 1938, no convirtió el acta notarial de abril 26 de 1938 en un contrato "celebrado" con anterioridad a la aprobación de la misma. Ni cuando la ley empezó a regir ni en la fecha de su aprobación se había "celebrado" ningún contrato en relación con la cosecha y molienda de 1939, dentro del significado de esa palabra conforme la misma es usada en la sección 19.

 Otra contención es que la ley es contraria a la Enmienda Décimocuarta de la Constitución de los Estados Unidos y al párrafo primero del artículo 2 de la Carta Orgánica de Puerto Rico. Las proposiciones aducidas, mas no discutidas, en el alegato de la apelante no son de por sí evidentes. Podría muy bien concebirse que no carecen enteramente de méritos. En ausencia de un caso más fuerte, bastará decir que el argumento, tal cual ha sido presentado, deja de convencernos de que tanto la sección 11 de la Ley de 1937 como la ley en su totalidad, son inconstitucionales. La nota recurrida, de ser correcta de otro modo, no debe ser revocada meramente por existir una posible duda en torno a la constitucionalidad de las disposiciones estatutarias en que esa resolución se basa.

*Debe confirmarse la nota recurrida.*